ALDERMAN, Justice,
concurring in part, dissenting in part.
Except for instruction 2.06 on maximum and minimum penalties, I concur with the Court’s opinion. I object to instruction 2.06 for the same reason that I object to the requirement of Florida Rule of Criminal Procedure 3.390(a) that “upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.” Instruction 2.06 correctly advises the jury:
The penalty is for the court to decide. You are not responsible for. the penalty in any way because of your verdict. The possible results of this case are to be disregarded as you discuss your verdict. Your duty is to discuss only the question of whether the State has proved the guilt of the defendant in accordance with these instructions.
That being the case, there is no reason why the jury should be instructed as to the maximum and minimum penalties for the crime charged. It is illogical to tell the members of the jury what the maximum and minimum penalties are and then in the same breath tell them that they must disregard this information. What purpose is served by giving the jury information that is irrelevant and immaterial to their deliberation. I suggest that no proper purpose is served and that in some cases knowledge of the maximum and minimum penalties may divert the jury from their duty to consider only the question of whether the State has proved the defendant’s guilt.
BOYD, J., concurs.